UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YAHAIRA MACA SALGADO,<br>　　*Plaintiff*,<br><br>　　v.<br><br>UNITED STATES LIABILITY<br>INSURANCE CO.,<br>　　*Defendant.* | No. 3:23-cv-01233 (VAB) |

**RULING AND ORDER ON MOTION TO STRIKE**

Yahaira Maca Salgado ("Ms. Salgado" or "Plaintiff") filed a Complaint in Connecticut Superior Court against United States Liability Insurance Company ("USLI" or "Defendant"). Not. of Removal, ECF No. 1-1 (Sept. 20, 2023) ("Compl."). Ms. Salgado alleges that USLI breached its duty to defend and indemnify one or more of the defendants in an underlying action ("underlying defendants") in which judgment was entered in favor of Ms. Salgado following injuries she sustained at a Cinco De Mayo celebration that one of the underlying defendants had insured by Defendant. *Id*.

USLI answered Ms. Salgado's Complaint alleging ten affirmative defenses. Answer, ECF No. 13 (Sept. 26, 2023) ("Answer").

Ms. Salgado moves to strike the third, fourth, fifth, sixth, and seventh affirmative defenses from Defendant's Answer. Mot. to Strike Affirmative Defenses, ECF No. 14 (Oct. 12, 2023) ("Mot.").

For the following reasons, Ms. Salgado's motion to strike is **DENIED**.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

    A.  **Factual Allegations**

On May 4, 2019, while attending a Cinco De Mayo event, Ms. Salgado allegedly suffered an injury. Compl. ¶ 7. One of the underlying defendants, an organizer of the event, had purchased an insurance policy, No. CL-1926730, from Defendant to insure the event. *Id.* ¶ 4.

Ms. Salgado sued these underlying defendants for her injuries and losses, *id.* ¶ 8, and received a judgment in her favor. *Id.* ¶ 12.

USLI has allegedly refused to satisfy the judgment. *Id.* ¶ 13.

    B.  **Procedural History**

On August 29, 2023, Ms. Salgado filed a Complaint in Connecticut Superior Court. Compl.

On September 20, 2023, Defendant removed the case to this Court. Not. of Removal, ECF No. 1 (Sept. 20, 2023).

On September 26, 2023, Defendant filed an Answer to Ms. Salgado's Complaint, alleging the following ten affirmative defenses: the Complaint fails to state a claim upon which relief can be granted ("First Affirmative Defense"); to the extent that USLI has any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect ("Second Affirmative Defense"); the Complaint is barred, in whole or in part, by waiver ("Third Affirmative Defense"); the Complaint is barred, in whole or in part, by estoppel ("Fourth Affirmative Defense"); the Complaint is barred, in whole or in part, by the doctrine of laches ("Fifth Affirmative Defense"); the Complaint is barred, in whole or in part, by unclean hands ("Sixth Affirmative Defense"); the Complaint is barred, in whole or in part, by the terms, conditions, and limitations of the Policy, all of which are reserved and none of which are waived ("Seventh Affirmative Defense"); the Complaint is barred, in whole or in part, by the

endorsement captioned "**Exclusion – Injury To Parade Participants**", form L 471 (04-11) ("Eighth Affirmative Defense"); the Complaint is barred, in whole or in part, by the endorsement captioned "**EXCLUSION FOR INJURY TO PERFORMERS, ENTERTAINERS, AND PARTICIPANTS**", form L 606 (02-11) ("Ninth Affirmative Defense"); and the Complaint is barred, in whole or in part, by the endorsement captioned "**EXCLUSION FOR FIREARMS, FIREWORKS AND OTHER PYROTECHNIC DEVICES**", form L 608 (02-11) ("Tenth Affirmative Defense"). Answer at 3–5.

On October 12, 2023, Ms. Salgado moved to strike the Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses from Defendant's Answer. Mot.; Mem. of Law in Supp. of Mot. to Strike Affirmative Defenses, ECF No. 14 (Oct. 12, 2023) ("Mem.").

On November 9, 2023, Defendant filed a memorandum of law in opposition to Ms. Salgado's motion to strike. Mem. of L. in Opp'n to Mot. to Strike, ECF No. 18 (Nov. 9, 2023) ("Opp'n").

On November 17, 2023, USLI moved for leave to file an Amended Answer to add an Eleventh Affirmative Defense. Mot. for Leave to File Am. Answer, ECF No. 20 (Nov. 17, 2023). Citing to Rule 15, *see* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."), and noting that Ms. Salgado had not filed an objection to the motion, the Court granted USLI's motion for leave to file its Amended Answer. Order Granting Mot. for Leave to File Am. Answer, ECF No. 24 (May 3, 2024).

On May 8, 2024, USLI filed its Amended Answer including the Eleventh Affirmative Defense: the Complaint is barred, in whole or in part, by the endorsement captioned "ASSAULT

3

or BATTERY EXCLUSION", form L 461 (12-11). Am. Answer, ECF No. 25 (May 8, 2024) ("Am. Answer").[1]

## II. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Resolution of a Rule 12(f) motion is within the discretion of the district court, and such motions are generally disfavored and should be infrequently granted. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15–16 (D. Conn. 2013). The Second Circuit has long held that courts "should not tamper with the pleadings unless there is a strong reason for so doing," and that a motion to strike under Rule 12(f) should be denied "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

With respect to affirmative defenses and counterclaims, in order for a motion to strike to be granted, there must be some showing of prejudice to the moving party. *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 80 (D. Conn. 2015) ("Plaintiff does not identify, nor can the Court ascertain, any 'prejudicial harm to plaintiff' arising from the inclusion of this defense, and thus, 'the defense need not be stricken.'" (citing *Cnty. Vanlines Inc. v. Experian Info. Solutions,*

---

[1] As the affirmative defenses at issue here remain unchanged in USLI's Amended Answer, rather than denying as moot the motion to strike and requiring Ms. Salgado to refile the same motion, the Court will consider the motion to strike as against the Amended Answer. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *cf. Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, 303–04 (2d Cir. 2020) ("We now adopt this rule and hold that when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."); *Nqadolo v. Care at Home, LLC*, No. 3:22-CV-612 (KAD), 2023 WL 3846309, at *1 (D. Conn. June 6, 2023) ("The issue raised in the Motion to Dismiss . . . [is] not resolved by the filing of the Amended Complaint. Accordingly, the Court shall consider the motion to dismiss as against the Amended Complaint.").

*Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002))); *see also Balk v. New York Inst. of Tech.*, No. CV 11-509 (JFB) (AKT), 2013 WL 6990767, at *10 (E.D.N.Y. Sept. 30, 2013) (permitting the assertion of new affirmative defenses, explaining that "the Court is not convinced that Plaintiff would be prejudiced by the assertion of these two affirmative defenses"); *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425–26 (S.D.N.Y. 2010) ("If a court determines that a defense is legally insufficient, the court must next determine whether inclusion of the defense would prejudice the plaintiff"). "Striking a pleading has been described as a 'drastic remedy' and 'to prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant.'" *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008) (citing 2 Moore's Federal Practice, §§ 12.37[1], 12.37[3] (3d ed. 2007)).

## III.   DISCUSSION

"To prevail on a motion to strike an affirmative defense, the party moving to strike 'must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) they would be prejudiced by the inclusion of the defense.'" *Fed. Hous. Agency v. Royal Bank of Scotland Grp. PLC*, 204 F. Supp. 3d 426, 428 (D. Conn. 2016) (quoting *New England Health Care Employees Welfare Fund v. iCare Mgmt., LLC*, 792 F. Supp. 2d 269, 288 (D. Conn. 2011)).

### A.   The Third, Fourth, Fifth, and Sixth Affirmative Defenses

"[T]he plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir.

2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). And "the relevant context will be shaped by the nature of the affirmative defense." *Id*.

Ms. Salgado argues that Defendant's affirmative defenses lack factual allegations and fail to meet the plausibility standard for affirmative defenses. Mem. at 5.

In response, Defendant argues that, at the early stage of this litigation, Ms. Salgado cannot establish that there are no questions of fact or law that may allow Defendant's affirmative defenses to succeed. Opp'n at 4. Defendant also argues that it could not determine the factual situations in which its affirmative defenses could succeed from the bare legal recitations in Ms. Salgado's Complaint.

The Court agrees.

The Third, Fourth, Fifth, and Sixth Affirmative Defenses allege waiver,[2] estoppel,[3] laches,[4] and unclean hands.[5] As to the Fifth and Sixth Affirmative Defenses, although the equitable defenses of laches and unclean hands are not defenses to claims at law for money damages, *Lee v. Canada Goose US, Inc.*, No. 20 CIV. 9809 (VM), 2021 WL 6881256, at *2 (S.D.N.Y. Oct. 19, 2021) (citing *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 19 Civ. 9193, 2021 WL 4173929, at *5 (S.D.N.Y. Sept. 14, 2021)), USLI correctly identifies

---

[2] "Waiver is the voluntary relinquishment of a known right." *Haber v. Bankers Standard Ins. Co.*, No. 3:19-CV-276 (VLB), 2019 WL 7343397, at *2 (D. Conn. Dec. 31, 2019) (quoting *MacKay v. Aetna Life Ins. Co.*, 173 A. 783, 787 (Conn. 1934)).
[3] "The doctrine of equitable estoppel holds that 'where one, by his words or actions, intentionally causes another to believe in the existence of a certain state of things, and thereby induces him to act on that belief, so as injuriously to affect his previous position, he is [precluded] from averring a different state of things as existing at the time.'" *Edwards v. CBD & Sons*, No. 3:17-CV-00466 (SRU), 2018 WL 2303017, at *16 (D. Conn. May 21, 2018) (quoting *TD Bank v. M.J. Holdings*, 71 A.3d 541, 551 (Conn. App. 2013)).
[4] "The defense of laches, if proven, bars a [party] from seeking equitable relief. . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the [opposing party]. . . ." *Haber*, 2019 WL 7343397, at *3 (quoting *Caminis v. Troy*, 527 A.2d 230 (2009)).
[5] "'The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue . . . .'" *Ulster Sav. Bank v. 28 Brynwood Lane, Ltd.*, 41 A.3d 1077, 1085 (2012) (citing *Bauer v. Waste Management of Connecticut, Inc.*, 686 A.2d 481, 486 (1996)).

that Ms. Salgado requests "[w]hatever other relief that the court may deem fair, just, and equitable" in addition to money damages, Opp'n at 5. And although equitable relief is not a foreseeable outcome in this coverage dispute, that is not the standard on a motion to strike an affirmative defense. The Court cannot determine—from these pleadings alone—that there is no question of fact or law that might allow these defenses to succeed.

And as to the Third and Fourth Affirmative Defenses, although this litigation is now nearing the end of the discovery phase, *see* Am. Scheduling Order, ECF No. 35 (July 12, 2024) (setting the close of discovery for August 12, 2024), the facts required to support these defenses were likely in Ms. Salgado's possession at the early stages of this litigation, *see Haxhe Properties, LLC v. Cincinnati Ins. Co.*, No. 3:20-CV-01594 (KAD), 2021 WL 2291101, at *3 (D. Conn. June 4, 2021) ("Although stated in conclusory terms, the Second Circuit's 'context-specific' approach counsels in favor of permitting this defense to proceed, given that the facts to support such a defense are likely in the possession of the Plaintiffs at this stage and can be readily explored through discovery.").

Additionally, the Court agrees with Defendant that Ms. Salgado's Complaint did not lend to USLI alleging fact-specific affirmative defenses. Thus, the Court cannot conclude, at this juncture—that there are no questions of fact or law that might allow these defenses to succeed. Nor has Ms. Salgado established how she was prejudiced by the inclusion of these affirmative defenses. *See GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-CV-01222 (VAB), 2016 WL 6122930, at *4 (D. Conn. Oct. 19, 2016), *aff'd*, 918 F.3d 92 (2d Cir. 2019) ("In order to prevail on a motion to strike under Rule 12(f), it is not enough to allege that certain contents of an amended pleading should not have been included; rather, the contested portions of the pleading must also be prejudicial to the moving party." (citing *Saylavee LLC v. Hockler*, 228 F.R.D. 425, 426 (D. Conn. 2005))).

Accordingly, the Court will deny Ms. Salgado's motion to strike as to the Third, Fourth, Fifth, and Sixth Affirmative Defenses.

### B. The Seventh Affirmative Defense

Ms. Salgado argues that Defendant's Seventh Affirmative Defense contains no allegations that distinguish it from the Eighth, Ninth, and Tenth Affirmative Defenses. Mem. at 10.

In response, Defendant argues that its Seventh Affirmative Defense properly puts Ms. Salgado on notice that the policy's terms and conditions apply to her. Opp'n at 6.

The Court agrees.

In the Seventh Affirmative Defense, Defendant states that "[t]he Complaint is barred, in whole or in part, by the terms, conditions, and limitations of the Policy, all of which are reserved and none of which are waived." Am. Answer at 4. Although Defendant has not identified which specific terms, conditions, and/or limitation contained in the policy bar Ms. Salgado's Complaint, this language sufficiently provides Ms. Salgado "fair notice of the nature of the defense." *GEOMC Co.*, 2016 WL 6122930, at *5 (quoting *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015)) (internal quotation marks omitted).

Accordingly, the Court will deny Ms. Salgado's motion to strike the Seventh Affirmative Defense.

### IV. CONCLUSION

For the foregoing reasons, Ms. Salgado's motion to strike is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 12th day of July, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE