**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| YAHAIRA MACA SALGADO, | : | Case No. 3:23-cv-1233-SFR |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES LIABILITY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| *Defendant*. | : | |
| | : | OCTOBER 24, 2025 |

### PLAINTIFF'S MOTION FOR JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, plaintiff Yahaira Maca Salgado respectfully requests that this Court, in accordance with its ruling on the parties' cross-motions for summary judgment, *see* Dkt. # 63, enter judgment in her favor as follows:

1.      The judgment entered on June 6, 2022 in her favor against the defendant's insureds, in the amount of $1,582,131.35.  The plaintiff is subrogated to the insureds' rights in accordance with state law, *see* Conn. Gen. Stat. § 38a-321, and is entitled to the judgment sum pursuant to the summary judgment ruling.

2.      The plaintiff's Complaint also included a claim for postjudgment interest, *see* Dkt. # 1-1, p. 7, which is mandatory under Connecticut law, *see DiLieto v. County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 42 n.5 (2013), and runs at a rate of ten percent (10%), beginning twenty days after the judgment was entered.  *See* Conn. Gen. Stat. § 37-3b(a).  The defendant has never challenged the plaintiff's entitlement to such interest.  From June 26, 2022 through today, 1,217 days have passed.  Postjudgment interest runs at a rate of $158,213.14 per year, or $433.46 per day.  Accordingly, through today, the postjudgment interest to be added to the judgment totals $527,520.82 ($433.46 daily interest × 1,217 days).  That interest award will

continue to increase by $433.46 for each additional day.

3.      In addition to postjudgment interest, the plaintiff's Complaint also requested prejudgment interest, *see* Dkt. # 1-1, p. 7, which similarly has never been challenged.  This Court has the discretion to award such interest, at a rate of up to 10%.  *See* Conn. Gen. Stat. § 37–3a(a). Two elements govern the inquiry: (1) "the claim to which the prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully withheld," and (2) "equitable considerations warrant the payment of interest."  *See Ceci Bros., Inc. v. Five Twenty-One Corp.*, 81 Conn. App. 419, 428, *cert. denied*, 268 Conn. 922 (2004).  "Factors for the court to consider when deciding whether to award prejudgment interest are: 1) whether the detention of money was wrongful under the circumstances; 2) whether the sum recovered was a liquidated amount; and 3) whether the party seeking prejudgment interest diligently presented its claim."  *Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82 (D. Conn. 1994), *aff'd*, 66 F.3d 308 (2d Cir. 1995).  Each factor weighs strongly in favor of the plaintiff here.  The underlying judgment was for a precise sum. *See* ¶ 1.  As this Court has adjudicated, the defendant wrongly violated its contract by refusing to defend its insured in the face of obvious ambiguities.  *See* Dkt. # 63.  The defendant thereafter forced the plaintiff to engage counsel and litigate this case, and required the Court to adjudicate its breach of contract, which was confirmed on several independent grounds.  *See id.*  Such circumstances support an award of prejudgment interest in this case, where the defendant's breach of contract deprived the plaintiff of a liquidated sum for several years.  *See Foley* v. *Huntington Co.*, 42 Conn. App. 712, 740 (196) ("Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for liquidated damages, namely, where a party claims that a specified sum under the terms of the contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party").  The plaintiff submits that prejudgment interest

2

in the full 10% amount is appropriate, which would add an additional $527,520.82 through today. Should the Court decide that such interest should be awarded at a lesser rate, it retains the discretion to do so. *See Sikorsky Financial Credit Union, Inc. v. Butts,* 315 Conn. 433, 442 (2015) (explaining that statute "applies to interest as damages and allows a trial court to award interest as compensation for the detention of money"); *O'Hara v. State*, 218 Conn. 628, 643 (1991) ("The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court").

4.      In addition to the underlying judgment, *see* ¶ 1, mandatory postjudgment interest on that judgment, *see* ¶ 2, and an equitable award of prejudgment interest on the wrongfully detained judgment, *see* ¶ 3, the plaintiff is also entitled to interest on her unaccepted Offer of Compromise.   Pursuant to Local Rule 68, and in accordance with Section 52-192a of the Connecticut General Statutes, the plaintiff served an Offer of Compromise on July 10, 2024 for a specific sum. *See* Dkt. ## 26, 27. The defendant declined to accept that offer. Because the plaintiff will recover an amount in excess of that sum, the plaintiff is entitled to an additional eight percent (8%) interest. *See* Conn. Gen. Stat. § 52-192a(c). Since the plaintiff's Offer of Compromise was filed within eighteen months of the initiation of this case, interest on the Offer of Compromise runs back to the filing of the Complaint, *see id.*, which took place on August 29, 2023. *See* Dkt. # 1-1, pp. 9-10 (showing that underlying action was filed in Superior Court on said date). If the Court grants the plaintiff the full 10% in prejudgment interest, then the total award prior to adding interest on the Offer of Compromise would be $2,637,172.99. Eight percent interest on that sum amounts to $210,973.84 per year, or $578.01 per day. For the 788 days (through today) since the filing of the complaint, such interest amounts to $455,471.88, which, along with the statutory proviso for $350 in reasonable attorney's fees, *see* Conn. Gen. Stat. § 52-192a(c), yields a total

judgment of $3,092,994.87.  If the Court exercises its discretion to award a different amount of prejudgment interest, then Offer of Compromise Interest would instead be calculated on the total sum of the Court's prejudgment interest award, as well as the underlying judgment and mandatory postjudgment interest.

WHEREFORE, the plaintiff respectfully requests that this Court enter judgment in accordance with the calculations set forth above.

Respectfully submitted,

YAHAIRA MACA SALGADO

By: //s// James J. Healy (ct28447)
James J. Healy
Allison D. White
Cowdery, Murphy & Healy, LLC
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103
(860) 278-5555
(860) 249-0012 Fax
jhealy@cmandh.com
awhite@cmandh.com

Leonard M. Isaac
Isaac Law Offices, LLC
270 Farmington Avenue, Suite 345
Farmington, Connecticut 06032
(860) 255-7118
(860) 321-8237 Fax
lisaac@isaaclawllc.com

James J. Nugent
Fed Bar No. ct05792
31 Broadway
North Haven, Connecticut 06473
(203) 795-1111
(203) 777-6442 Fax
jim@nugentlawyers.com

– Her Attorneys –

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, a copy of the foregoing was filed electronically to be received under seal.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

 //s// James J. Healy (ct28447)
James J. Healy

5