UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| YAHAIRA MACA SALGADO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:23-cv-01233-SFR |

**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT [ECF NO. 68]**

Defendant United States Liability Insurance Company ("USLI") respectfully submits this opposition to the Plaintiff Yahaira Maca Salgado's ("Plaintiff") Motion For Judgment (ECF No. 68) ("the Motion").[1] In support of its opposition, USLI argues that under Connecticut law, the maximum amount owed to the Plaintiff is $1 million, or, the limit of liability for the insurance policy at issue. USLI does not contest that 10% postjudgment interest is applicable pursuant to Conn. Gen. Stat. § 37-3b(a), but contends that it can only be applied to the $1 million limit of liability. Additionally, Plaintiff's claims for prejudgment interest at a rate of 10% per annum and the entitlement to interest on the unaccepted Offer of Compromise are misguided under the applicable law and should not be sustained here. As further explained below, USLI respectfully requests that the Court, in its discretion, utilize a much lower prejudgment rate than the statutory maximum of 10% and furthermore award no interest on the Offer of Compromise piece, as the governing statute does not provide for the imposition of interest at this juncture where no final judgment has entered after trial.

---

[1] By submitting this Opposition, USLI expressly reserves all rights to appeal from the Judgment that is ultimately entered in this matter.

**A. The Maximum Amount of Judgment Should Be USLI's $1 Million Limit of Liability**

As Plaintiff's Motion points out, the Plaintiff is subrogated to USLI's insured's rights in accordance with Conn. Gen. Stat. § 38-321. That statute states, in pertinent part:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.

It has been longstanding Connecticut common law that when an insurer has breached the duty to defend its insured, the insurer is liable only for a judgment amount up to its limit of liability outlined in the policy. *See, e.g.*, *Schurgast v. Schumann*, 156 Conn. 471, 490-91 (1968) ("In this instant case, Aetna chose to refuse to defend and, in so doing, breached its contract with Schumann. It is therefore under a duty to pay the judgment obtained against Schumann by Schurgast up to the limit of liability fixed by its policy."); *Keithan v. Mass. Bonding & Ins. Co.*, 159 Conn. 128, 139 (1970) ("Where an insurer is guilty of a breach of its contract to defend, it is liable to pay the insured not only his reasonable expenses in conducting his own defense, but, in the absence of fraud or collusion, the amount of a judgment obtained against the insured up to the limit of liability fixed in its policy."); *Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 274 Conn. 457, 470 (2005) ("The success of the plaintiffs' appeal necessarily dictates the outcome of the defendant's appeal, because '[w]here an insurer is guilty of a breach of its contract to defend, it is liable to pay

to the insured not only his reasonable expenses in conducting his own defense but, in the absence of fraud or collusion, the amount of a judgment [or settlement] obtained against the insured up to the limit of liability fixed by its policy.'"), *quoting Keithan*, *supra*; *Fortin v. Hartford Underwriters Ins. Co.*, No. HHDX04CV034034596S, 2009 WL 659210 (Conn. Super. Feb. 19, 2009) ("[T]he Supreme Court also stated that where an insurer refuses to defend, it is under a duty to pay a judgment obtained against the insured 'up to the limit of liability fixed by its policy.' Accordingly the most that the plaintiffs can recover on the first and fourth counts is the principal amount of $500,000, the policy limit."), *citing Schurgast*, *supra*. This court has likewise found the same: "The general rule in Connecticut is: Where an insurer is guilty of a breach of its contract to defend, it is liable to pay the insured not only his reasonable expenses in conducting his own defense but, in the absence of fraud or collusion, the amount of a judgment obtained against the insured up to the limit of liability fixed by its policy." *City of West Haven v. Lib. Mut. Ins. Co.*, CIV. No. N–87–68 (PCD), 1989 WL 190242, at *2 (D. Conn. June 1, 1989), *citing Keithan*, *supra*., ("…*Schurgast* [v. Schumann, 156 Conn. 471, 242 A.2d 695 (1968)] remains the law in Connecticut"); *Veturis v. Highwood Rehab Assocs., LP*, NO.: UWY-CV19-6051170-S, 2021 WL 9539979, at *3 (Conn. Super. Sept. 28, 2021) (citation omitted).

Here, the insurance policy at issue, USLI's Special Event Commercial Liability Policy No. CL 1926730 ("the Policy") has a limit of liability of $1,000,000 per occurrence. *See* ECF No. 48-1. The Insuring Agreement under Coverage A of the Policy explicitly notes, "The amount we will pay for damages is limited as described in Section III – Limits Of Insurance." *Id.* Plaintiff here is a judgment creditor who is subrogated to the rights of the named insured under the Policy. The Policy clearly limits USLI's liability to its $1 million per occurrence limit for the named insured. With Plaintiff stepping into the named insured's shoes, under well-established Connecticut law,

USLI is obligated only to pay Plaintiff its $1 million limit to satisfy the judgment. Accordingly, Plaintiff's request for judgment in the amount of $1,582,131.35 is inapposite and should not be sustained. The Court should respectfully reject that request and instead enter judgment for Plaintiff for a sum of $1 million, USLI's policy limit.

### B. Postjudgment Interest

As noted above, USLI does not contest that 10% per annum postjudgment interest is applicable to the judgment pursuant to Conn. Gen. Stat. § 37-3b(a). USLI contends, however, that this rate should only apply to its maximum limit of liability of $1 million. Accordingly, postjudgment interest would run at a rate of $100,000 per year, or $273.97 per day. From June 26, 2022 through today (November 4, 2025), the total postjudgment interest to be added to the $1 million judgment would be $336,435.16 ($273.97 daily interest x 1,228 days). USLI respectfully submits that this is a fair and adequate postjudgment interest calculation.

### C. Prejudgment Interest

"When the court's jurisdiction is based upon diversity, an award of prejudgment interest is governed by state law." *Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82 (D. Conn. 1994). Accordingly, Conn. Gen. Stat. § 37-3a applies to interest as damages and allows a trial court to award interest as compensation for the detention of money, up to a maximum of 10%. *See Sikorsky Fin. Credit Union, Inc. v. Butts*, 315 Conn. 433, 442 (2015). "The purpose of § 37-3a is not to punish persons who have detained money owed to others in bad faith but, rather, to compensate parties that have been deprived of their use of money." *Id.* (citation omitted). Notably, the trial court has discretion to choose the rate of prejudgment interest. *See Sears, Roebuck & Co. v. Bd. of Tax Review*, 241 Conn. 749, 765-66 (1997). In addition to the rate of interest, it is also a matter of trial court discretion based on equitable principles whether a prevailing party should receive

interest damages at all under the statute. *See N. Am. Specialty Ins. Co. v. QSR Steel Corp. LLC*, No. 3:21-CV-247 (JBA), 2022 WL 4133244, at *4 (D. Conn. Sept. 12, 2022), *quoting Sikorsky*, 315 Conn. at 442 ("[w]hether a prevailing party will receive interest as damages pursuant to § 37-3a is principally an equitable question lying within the trial court's discretion."). When prejudgment interest damages are imposed, "courts typically apply some rate less than the 10% available under § 37-3a." *LanceSoft, Inc. v. Cowie*, No. 3:22-CV-968 (SDV), 2024 WL 3342286, at *5 (D. Conn. Jan. 25, 2024). USLI submits that if a prejudgment interest rate is to be imposed here, it should be less than 10%.

In *Nilsen v. SJV Int'l Grp. Inc.*, a different session of this Court (Dooley, J.) recently dealt with this same request for the statutory maximum 10% interest damage award by the plaintiff as here. No. 3:23-CV-392 (KAD), 2025 WL 2962578, at *5 (D. Conn. Oct. 20, 2025). Judge Dooley found that the imposition of the maximum rate was not appropriate, stating:

> While the Court agrees that pre-judgment interest is appropriate, Plaintiff's proposed interest rate—the statutory maximum of 10% annually—is not. Interest rates have plummeted since the 1970s, when Section 37-3a was enacted. Indeed, whereas the Federal Reserve frequently set the federal funds interest rate between eight and fifteen percent in the 1970s and 1980s, it has not set that rate above ten percent since 1984. *See Federal Funds Effective Rate*, Fed. Reserve Bank of St. Louis, https://fred.stlouisfed.org/series/FEDFUNDS (last visited October 17, 2025). Thus, a lower interest rate than the statutory maximum is warranted. *See, e.g., Stuart v. Stuart*, No. X08-CV-020193031, 2004 WL 1730143, at *43 (Conn. Super. Ct. June 28, 2004) (awarding a lower interest rate than requested, in light of the historic lowering of interest rates), *aff'd*, 112 Conn. App. 160 (2009), *rev'd* on other grounds, 297 Conn. 26 (2010); *see also LanceSoft, Inc. v. Cowie*, No. 3:22-CV-968 (SDV), 2024 WL 3342286, at *5 (D. Conn. Jan. 25, 2024) ("Courts typically apply some rate less than the 10% available under § 37-3a.") (collecting cases).

The same reasoning should apply here. Judge Dooley calculated that the average monthly interest rate for relevant time period of the events in *Nilsen* (October 2022 through October 2025) was 4.65%, and ultimately imposed a 4% interest rate. *Id.*

Here, judgment entered in the underlying action on June 6, 2022. *See* ECF No. 48-6 at 5. As noted, USLI requests that the Policy's limit of liability of $1 million be used for the judgment amount. Using the same calculation parameters as Judge Dooley above, the average interest rate from June 2022 to October 2025 was 4.48%. USLI would therefore argue that, like that in *Nilsen*, a flat 4% prejudgment interest rate would be more than fair in compensating the Plaintiff here. A 4% rate would add $109.58 per day, for an additional $134,564.24 from June 6, 2022 through today (November 4, 2025). In light of adjusted federal interest rates and the fact that courts regularly impose rates far less than the statutory maximum, USLI respectfully requests that if the Court were inclined to impose a prejudgment interest rate on the underlying judgment amount that the rate be 4%.

### D. Interest on The Offer of Compromise

Plaintiff argues that she is entitled to an additional 8% per annum interest award on her Offer of Compromise that USLI declined to accept. Plaintiff's argument is untenable based on a plain reading of the law.

Local Rule 68(b) states, in pertinent part, "Offers of compromise made under Connecticut state law shall be governed by and comply with Connecticut General Statutes § 52-192a or §§ 52-193 – 195. … A sealed offer shall remain under seal until (a) the filing of a timely acceptance of the offer of compromise, or (b) <u>after trial</u> to allow the Court to evaluate the implication of the offer on the judgment to be entered…." (emphasis added). The governing law, Conn. Gen. Stat. § 52-192a(c), likewise states: "<u>After trial</u> the court shall examine the record to determine whether the

plaintiff made an offer of compromise which the defendant failed to accept." (emphasis added). "The term 'after trial' in § 52-192a(b)[2] means a 'final judgment' and, since the plaintiff's motion for summary judgment was for liability only, its granting by the trial court was not a final judgment." *Tureck v. George*, 44 Conn. App. 154, 162 (1997), *cert. denied*, 240 Conn. 914; *see also Fife's Landscaping, LLC v. Warren's Lawn Maintenance, LLC*, No. CV105007213S, 2011 WL 2536291, at *3 (Conn. Super. Ct. June 1, 2011) ("An entry of summary judgment as to liability only, however, is not a final judgment. Here, the plaintiff sought summary judgment as to liability only (#128), and that motion was granted (#128.01). Therefore, the plaintiff's offer of compromise will not support its claim for interest pursuant to General Statutes § 52-192a."). Finally, an award under Conn. Gen. Stat. § 52-192a is punitive in nature. *See Nunno v. Wixner*, 257 Conn. 671, 684 (2001) ("The punitive nature of § 52-192a has been recognized repeatedly. … The offer of judgment statute was 'enacted to promote fair and reasonable pretrial compromises of litigation' by penalizing defendants who do not settle cases prior to trial.") (emphasis added).

Here, there was no trial in this case such that the offer of compromise statute is triggered. Moreover, the Court granted Plaintiff's summary judgment motion and solely found that USLI breached its duty to defend its insured. The Court's finding was on liability only, and no final judgment has entered. As the case law indicates, there can be no consideration of an additional interest award under Conn. Gen. Stat. § 52-192a because there has not been a final judgment "after trial." Additionally, the Plaintiff's request for additional interest on her Offer of Compromise does not comport with the intentions of the statute. USLI here has merely briefed and argued its coverage position on summary judgment and did not prevail. The Plaintiff has not been unfairly

---

[2] In *Tureck*, the Connecticut Appellate Court interpreted "after trial" as used in General Statutes § 52–192a(b), which is now General Statutes § 52–192a(c). See Public Acts 2005, No. 05–275, § 4, redesignating existing subsection (b) as subsection (c).

prejudiced such that USLI should be subjected to punitive damages by declining to accept her Offer of Compromise prior to the parties going to trial. For this reason, USLI respectfully requests that the Court award no interest damages based on its rejection of the Plaintiff's Offer of Compromise.

## Conclusion

WHEREFORE, Defendant USLI respectfully requests that the Court enter judgment for the Plaintiff for USLI's limit of liability of $1 million, with the imposition of the annual 10% postjudgment interest on that judgment ($336,435.16), the imposition of a 4% prejudgment interest rate on that judgment ($134,564.24), and no additional interest award based on its rejection of Plaintiff's Offer of Compromise.

Respectfully submitted,

UNITED STATES LIABILITY
INSURANCE COMPANY

By its attorney,

*Scarlett M. Rajbanshi*
Ian J. Gemmell, (Juris No. ct28816)
Scarlett M. Rajbanshi (*pro hac vice*)
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
igemmell@peabodyarnold.com
srajbanshi@peabodyarnold.com

Dated: November 7, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2025, a copy of foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Plaintiff's Attorneys

Leonard M. Isaac, Esq.
Isaac Law Offices, LLC
270 Farmington Ave., Suite 345
Farmington, CT 06032

James John Healy
Cowdery, Murphy & Healy, LLC
280 Trumbull Street
Hartford, CT 06103

James J. Nugent
Nugent & Bryant
31 Broadway
North Haven, CT 06473

*Scarlett M. Rajbanshi*
Scarlett M. Rajbanshi